# Federal Defenders
## OF NEW YORK, INC.

*Eastern District*
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200  Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

December 11, 2024

Judge Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **United States v. Steve Lundi, No. 17-cr-388**

Dear Judge Irizarry,

I am writing to respectfully move the court, pursuant to 28 U.S.C. § 2255, to vacate Mr. Lundi's convictions on the ground that Mr. Lundi's constitutional rights were violated by the government's failure to disclose *Brady* and *Giglio* information before Mr. Lundi's guilty plea in this case.[1] The government and the defense have reached a joint agreement and proposed resolution of this 2255 motion. As further explained below, the government will not oppose Mr. Lundi's motion to vacate his current convictions. If the Court were to grant the motion, the parties agree that Mr. Lundi will replead to a superseding information charging a violation of 18 U.S.C. § 922(d)(3) (disposal of a firearm or ammunition to a prohibited person).

On September 6, 2018, Mr. Lundi pleaded guilty pursuant to a plea agreement to Hobbs Act robbery and possession of a firearm during and in relation to a crime of violence. He reached this plea agreement after unsuccessful *Daubert* litigation related to the identification of a palm print by the NYPD Latent Print Section. During the course of that *Daubert* litigation, the defense specifically requested information related to misidentification errors made by the NYPD Latent Print Section and argued that the identification of Mr. Lundi's palm print was not sufficiently reliable to be admitted at trial. Based on information provided by NYPD, the government reported that the NYPD Latent Print Section had not made any relevant misidentification errors and argued that the palm print evidence should be admitted. Dkt. 22 & 28 (referring also to *United States v. Pitts*, 16-cr-550, Dkt. 52).

---

[1] The motion is timely because it has been brought within one year of the disclosure of the information upon which it is based.

This Court agreed with the government, denying Mr. Lundi's motion. Dkt. 26. Mr. Lundi subsequently pleaded guilty.

The Court sentenced Mr. Lundi to a total of 72 months' imprisonment in a proceeding held on September 10, 2019, and Mr. Lundi has served all but approximately 6 months of that time. The website for the U.S. Bureau of Prisons indicates that his expected release date is May 28, 2025.

On December 13, 2023 and March 11, 2024, however, the government disclosed to the defense information about a misidentification by examiners of the NYPD Latent Prints Section in 2015 (the "misidentification"). One of the examiners involved in the misidentification also participated in the examination of the palm print that led to the identification of Mr. Lundi in this case. This misidentification should have been disclosed to Mr. Lundi prior to entry of his guilty plea and constitutes *Brady* and/or *Giglio* information in violation of the constitution.

The parties have discussed the defense's 2255 motion and have reached a proposed disposition for the Court's consideration. Specifically, the government will not oppose the defense's motion based on an agreement between the parties that, upon the vacatur of his convictions on Counts Two and Three of the indictment, Mr. Lundi will waive indictment and plead guilty to a superseding information charging a violation of 18 U.S.C. § 922(d)(3) (disposing of a firearm or ammunition to a prohibited person), which carries a statutory maximum sentence of 15 years. The defense has agreed not to oppose the government's recommendation that Mr. Lundi receive the same sentence for that contemplated conviction as the Court had previously imposed. As part of that agreed upon resolution, Mr. Lundi would also agree to honor his obligation to make restitution payments to the victim identified in his original sentencing proceedings.

The parties respectfully request that the Court schedule a status conference to discuss this proposed disposition and the steps necessary to effectuate it. Thank you for the Court's consideration.

Sincerely,

Allegra Glashausser
Assistant Federal Defender
(212) 417-8739